**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

RICHARD ROMERO,

        Plaintiff,

v.          No. CIV-05-0821 BB/LCS

STATE OF NEW MEXICO
PUBLIC DEFENDER DEPARTMENT Santa Fe, NM,
JOHN BIGELOW, CHIEF PUBLIC DEFENDER,
MARLENE FOSTER, ROBERTA LARRANAGA,

        Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's Prisoner's Motion And Affidavit For Appointment Of Substitute Counsel, construed herein as a civil rights complaint (hereinafter the "complaint"). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff alleges that he has been denied effective assistance of counsel in state court criminal proceedings, in violation of his rights under the Sixth, Fourteenth, and Eighteenth Amendments.  For relief, he asks that this Court order appointment of substitute counsel in the state proceeding.  The Court liberally construes Plaintiff's claim for injunctive relief as a civil rights complaint.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam) (requiring that pro se pleadings be liberally construed); *Roman-Nose v. New Mexico Dep't of Human Services*, 967 F.2d 435, 436-37 (10th Cir. 1992) (stating that a plaintiff's pro se characterization of claims is not dispositive).

The relief that Plaintiff seeks is not available.  First, the state public defender office is a state agency that may not be sued in this Court.  "[N]either [state not its agencies] are 'persons' within the reach of § 1983.  In these circumstances, the barrier is not Eleventh Amendment immunity--'[t]he stopper [is] that § 1983 creates no remedy against a State.' "  *Prokop v. Colorado*, No. 01-1415, 2002 WL 188962, at **1 (10th Cir. Feb. 7, 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997).  Second, the individual (public defender) Defendants do not act under color of state law for purposes of 42 U.S.C. § 1983.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Harris v. Champion*, 51 F.3d 901, 909-10 (10th Cir. 1995).  And finally, this Court may not order equitable relief in state court proceedings.  *See* Anti-Injunction Act, 28 U.S.C. § 2283; *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970) ("any injunction against state court proceedings otherwise proper under general equitable principles must be based on

one of the specific statutory exceptions to § 2283 if it is to be upheld."). Plaintiff's allegations do not implicate any of the exceptions to § 2283, and the Court will dismiss Plaintiff's complaint.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE